[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM AND ORDER
On May 25, 2000, the petitioner filed an application for writ of mandamus to compel the respondent warden of CCI Cheshire and the CT Page 10992 Commissioner of Correction to provide him proper dental care for tooth #8 and #9. Thereafter, the petitioner was transferred to Osborn Correctional Institution.
The respondent filed a Return and Defenses on September 7, 2000, indicating that on August 8, 2000, the petitioner had consented to a procedure performed on tooth #8. The procedure removed an abscess and root tip. Sutures were taken out on August 10, 2000. Although part of the tooth is soft and fragile, the petitioner is in no pain. The petitioner was seen in follow-up by an oral surgeon on September 5, 2000, and an x-ray was taken. In the opinion of the oral surgeon, it is too early to tell whether the procedure performed on August 8, 2000, will ameliorate the chronic problem. It appears to be the intention of the respondent to reevaluate the petitioner's dental situation in six months time.
After the filing of the application for writ of mandamus, the petitioner consented to and was provided with additional treatment. At present, it would appear that the respondent is neither in pain nor confronted with conditions posing a substantial risk of serious harm. Moreover, a writ of mandamus is not an available remedy for the kind of issue presented by the petition.
The court therefore orders that the petitioner reply in writing to the filings of the respondent on or before October 4, 2000. The petitioner shall either amend his petition to properly state a claim or withdraw it. In addition, if he amends his petition to request relief other than a writ of mandamus, he shall attest to such facts in response to those asserted in the affidavits filed on behalf of the respondent as will allow the court to determine whether 1) there are any material facts in dispute so that a hearing must be held or 2) whether the court can dispose of the matter as a summary judgment. Should the respondent not amend his petition or file papers in opposition to those of the respondent by October 4, 2000, the court will dismiss the petition.
Patty Jenkins Pittman, Judge